**HEARING DATE AND TIME: June 24, 2015 at 3:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: June 17, 2015 at 4:00 p.m. (Eastern Time)**

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Emerald Investments, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-13407 (MG) |
| In re:<br><br>Ashley River Consulting, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-13406 (MG) |

### NOTICE OF HEARING ON MOTION OF KRITI RIPLEY, LLC, ASHLEY RIVER PROPERTIES II, LLC, AND IAN J. GAZES, AS TRUSTEE FOR EMERALD INVESTMENTS, LLC AND ASHLEY RIVER CONSULTING, LLC, FOR ORDER APPROVING MARKETING, BIDDING AND SALE PROCEDURES IN CONNECTION WITH JOINT PLAN OF LIQUIDATION

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated June 8, 2015 (the "**Motion**"), of Ian J. Gazes (the "**Trustee**"), as chapter 11 trustee of Emerald Investments, LLC and Ashley River Consulting, LLC (the "**Debtors**"), Kriti Ripley, LLC ("**Kriti**") and Ashley River Properties II, LLC ("**Ashley River II**" and together with Kriti, the "**Creditors**", and the Creditors together with the Trustee, the "**Proponents**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order approving the marketing, bidding and auction procedures for the sale of certain property, all as more fully set forth in the Motion, will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**"), on **June 24, 2015 at 3:00 p.m.** (Eastern Time), or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M- 399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M- 399 on (i) counsel to the Creditors, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York 10271 (Attn: Thomas A. Pitta); (ii) counsel for the Trustee, Gazes LLC, 151 Hudson Street, New York, New York 10013 (Attn: Ian J. Gazes); (iii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Michael Driscoll, Esq.); and (iv) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002 so as to be received no later than **June 17, 2015 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Proponents may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
        June 8, 2015

**EMMET, MARVIN & MARTIN, LLP**              **GAZES LLC**


/s/ Thomas A. Pitta                          /s/ Ian J. Gazes
Thomas A. Pitta, Esq.                        Ian J. Gazes, Esq.
120 Broadway, 32nd Floor                     151 Hudson Street
New York, New York 10271                     New York, NY  10013
(212) 238-3000 (Telephone)                   (212) 765-9000 (Telephone)
(212) 238-3100 (Facsimile)                   (212) 765-9675 (Facsimile)

                                             **COUNSEL FOR IAN J. GAZES, AS TRUSTEE FOR
                                             EMERALD INVESTMENTS, LLC AND ASHLEY
                                             RIVER CONSULTING, LLC**

**COUNSEL FOR KRITI RIPLEY, LLC AND
ASHLEY RIVER PROPERTIES II, LLC**

HEARING DATE AND TIME: June 24, 2015 at 3:00 p.m. (Eastern Time)
OBJECTION DEADLINE: June 17, 2015 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Emerald Investments, LLC | Case No. 14-13407 (MG) |
| Debtor. | |
| In re: | Chapter 11 |
| Ashley River Consulting, LLC | Case No. 14-13406 (MG) |
| Debtor. | |

**MOTION OF KRITI RIPLEY, LLC, ASHLEY RIVER PROPERTIES II, LLC, AND IAN J. GAZES, AS TRUSTEE FOR EMERALD INVESTMENTS, LLC AND ASHLEY RIVER CONSULTING, LLC, FOR ORDER APPROVING MARKETING, BIDDING AND SALE PROCEDURES IN CONNECTION WITH JOINT PLAN OF LIQUIDATION**

**EMMET, MARVIN & MARTIN, LLP**

Thomas A. Pitta, Esq.
120 Broadway, 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)
(212) 238-3100 (Facsimile)

**COUNSEL FOR KRITI RIPLEY, LLC AND ASHLEY RIVER PROPERTIES II, LLC**

**GAZES LLC**

Ian J. Gazes, Esq.
151 Hudson Street
New York, NY  10013
(212) 765-9000 (Telephone)
(212) 765-9675 (Facsimile)

**COUNSEL FOR IAN J. GAZES, AS TRUSTEE FOR EMERALD INVESTMENTS, LLC AND ASHLEY RIVER CONSULTING, LLC**

Ian J. Gazes (the "**Trustee**"), as chapter 11 trustee of Emerald Investments, LLC ("**Emerald**") and Ashley River Consulting, LLC ("**ARC**" and, together with Emerald, the "**Debtors**"), Kriti Ripley, LLC ("**Kriti**") and Ashley River Properties II, LLC ("**Ashley River II**" and together with Kriti, the "**Creditors**", and the Creditors together with the Trustee, the "**Proponents**"), by and through their proposed counsel, submit this motion (the "**Motion**"), for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the marketing, bidding and auction procedures for the sale (the "**Sale**") of the Marina Property (defined below) owned by Ashley River II, which Sale, if any, will be conducted in accordance with the Joint Plan of Liquidation (the "**Plan**") filed by the Proponents.  In support of this Motion, the Proponents respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), and the Amended Guidelines for the Conduct of Asset Sales, General Order M-383 of the Bankruptcy Court for the Southern District of New York (the "**SDNY Sale Guidelines**").

## BACKGROUND

A.    General Background

3.    On December 15, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

4.    On March 16, 2015, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 45] and on March 18, 2015, the Court entered the *Order Approving the Appointment of the Chapter 11 Trustee* [Docket No. 48] approving the appointment of Ian Gazes as the Trustee.

B.    The Debtors' Assets

5.    Emerald is a holding company whose primary asset is a 70% membership interest in Ashley River II (the "**Emerald Membership Interest**").  Kriti and Emerald formed Ashley River II in 2003 for the purpose of developing a marina and condominiums (the "**Marina Property**") on a parcel of property in Charleston, South Carolina.  Upon the formation of Ashley River II, Kriti and Emerald entered into the Operating Agreement of Ashley River Properties II, LLC (the "**Operating Agreement**").

6.    In 2005, an arbitration panel in New York found that Longman and Emerald diverted Ashley River II's funds.  As a result of Emerald's and Longman's wrongful conduct, the Panel held that Emerald forfeited all voting rights in Ashley River II.  The awards were confirmed by the New York Supreme Court on February 15, 2008.  As a result of these awards, the Creditors have a judgment against Emerald and Longman in the amount of $1,678,023 as of the Petition Date (including post-judgment interest) (the "**Judgment**").

-3-

7.      In an effort to collect the Judgment, the Creditors perfected a lien upon the Emerald Membership Interest by way of a charging order issued by the Charleston County Court of Common Pleas on October 17, 2008.

C.      The Plan

8.      Following the appointment of the Trustee, the Creditors and the Trustee engaged in discussions and negotiations concerning the appropriate method for bringing these Chapter 11 Cases to a conclusion.  The negotiations between the Trustee and the Creditors were successful and led to the formulation of the Plan.

9.      Pursuant to the Plan, the Creditors have agreed to allow the Trustee to market and potentially sell the Marina Property.  If the Marina Property is sold, the proceeds of the Sale will be (a) used to satisfy the administrative claims of the estate, including any commissions payable to the brokers retained by the Trustee, and (b) the remainder turned over to Ashley River II to make distributions to Kriti and Emerald in accordance with the Operating Agreement.

10.     The Trustee and the Creditors believe that the Plan, including the opportunity for the Trustee to market and sell the Marina Property, represents the best method to (a) monetize the Emerald Membership Interest, (b) resolve the disputes between Emerald and the Creditors and (c) obtain value for the Debtors' creditors.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek the entry of an order substantially in the form attached hereto as Exhibit A (the "**Bidding Procedures Order**") approving the marketing, bidding, and auction procedures for the Sale.

A.    The Proposed Sale

12.    By this Motion, the Proponents propose to market for sale the Marina Property to the Successful Bidder, if any, free and clear of all liens, claims and encumbrances (the "**Encumbrances**"), with any such Encumbrances to attach to the proceeds of the Sale.

B.    The Proposed Bidding Procedures.

13.    The Debtors request approval of the bidding procedures (the "**Bidding Procedures**") attached as Exhibit 1 to the Bidding Procedures Order.    The Bidding Procedures describe, among other things, the assets available for sale, the manner in which bidders and bids become "qualified," the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined below), the ultimate selection of the Successful Bidder, and the Bankruptcy Court's approval of the Sale in connection with confirmation of the Plan.

14.    The proposed Bidding Procedures provide for the solicitation of proposals or offers (each, a "**Bid**") by any potential bidder (each, a "**Bidder**"), pursuant to the following conditions:[1]

> a)    **Assets To Be Sold**.  The asset proposed to be sold is the Marina Property.
>
> b)    **Free of Any and All Claims and Interests**.    The Purchased Assets shall be sold free and clear of all Encumbrances and any Encumbrances shall attach to the net proceeds of the Sale of the Purchased Assets.
>
> c)    **Participation Requirements**.  Parties interested in acquiring the Marina Property must submit, at least seven (7) days prior to the Confirmation Hearing (the "**Bid Deadline**"): an executed, binding purchase and sale agreement (a "**PSA**") for the Marine Property, acceptable to the Trustee, Kriti and Ashley River II, on an as-is, where-is basis, not subject to contingencies for financing, corporate or shareholder approval, or due diligence, with a cash purchase price of $18 million, not

---

[1]    This section describes the salient provisions of the Bidding Procedures.  For a complete description of the Bidding Procedures, parties are referred to Exhibit 1 to the proposed Bidding Procedures Order.

subject to deductions, offsets, or any other purchase price adjustments (the "**Strike Price**"), and (b) a cash deposit of not less than 10% of the purchase price under such PSA.

d)      **Qualified Bid Requirements**.  In order to constitute a Qualified Bid, each PSA must be in writing acceptable to the Proponents and include the following: (i) confirmation that the Bidder's offer is irrevocable until immediately following the closing of the Sale; (ii) evidence of a binding commitment for financing, available cash, undrawn lines of credit, or other ability to obtain the funds necessary to consummate the proposed transaction; (iii) a commitment to consummate the purchase of the Marina Property within not more than five (5) days after entry of the Order confirming the Plan (the "**Confirmation Order**") by the Court, and (iv) evidence of corporate authority to enter into such transaction (such a Bid, a "**Qualified Bid**").  A Qualified Bid must not contain any conditions to closing other than Bankruptcy Court approval. Any party submitting a Qualified Bid and deemed by the Proponents to have the financial and operational wherewithal to consummate the purchase of the Marina Property shall be deemed a "**Qualified Bidder**".

Each bidder submitting a Qualified Bid (a "**Qualified Bidder**") shall be deemed to acknowledge and agree that it (i) is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Proponents and their respective agents and representatives, regarding the Marina Property, the Bidding Procedures or any information provided in connection therewith and (ii) consents to the jurisdiction of the Court.

e)      **Due Diligence**.   The Bidding Procedures permit each Bidder (before or after becoming a Qualified Bidder) an opportunity to participate in the diligence process after executing and delivering an executed confidentiality agreement, in form reasonably acceptable to Ashley River II.   The Trustee will coordinate the diligence process and provide due diligence access and information as reasonably requested by any bidder executing a confidentiality agreement.   Bidders must complete all due diligence prior to the Bid Deadline.

f)      **Bid Deadline**.  All Bids must be submitted by e-mail and Federal Express on or before the Bid Deadline to (i) the Trustee, Ian J. Gazes, Esq., Gazes LLC, 151 Hudson Street, New York, NY   10013, ian@gazesllc.com and (ii) counsel to the Creditors, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, NY 10271, Attention: Thomas A. Pitta, Esq. tpitta@emmetmarvin.com.

g)      **No Auction Required**.  If no Qualified Bids are submitted by the Bid Deadline, the Trustee shall not conduct an Auction.  If only one Qualified Bid is submitted by the Bid Deadline, the Trustee shall not

conduct the Auction and shall seek approval to enter into and consummate such transaction pursuant to the Plan.

h)      **Auction Required**.  If more than one Qualified Bid is submitted by the Bid Deadline, the Trustee shall conduct an Auction **on August 3, 2015 at 9:30 a.m. (prevailing Eastern time)** at the offices of Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York, in accordance with the following procedures: (i) attendance at the Auction will be limited to the Proponents, each Qualified Bidder that has timely submitted a Qualified Bid (who shall be represented at such auction by one or more individuals authorized to make bidding decisions on behalf of such Qualified Bidder), and the advisers to each of the foregoing, and only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction; (ii) by 5:00 p.m. (prevailing Eastern time) two (2) days before the Auction, the Trustee will (a) notify each Qualified Bidder that has timely submitted a Qualified Bid that its Bid is a Qualified Bid and (b) will provide such Qualified Bidders with copies of the Qualified Bid that the Trustee believes is the highest or otherwise best offer for the Marina Property (the "**Baseline Bid**"), (iii) all Qualified Bidders that have timely submitted a Qualified Bid will be entitled to be present for all bidding at the Auction, and (iv) bidding at the Auction will begin with the Baseline Bid, continue in minimum increments of at least $100,000 (the "**Minimum Overbid Increment**"), and conclude after each participating Bidder has had the opportunity to submit one or more additional Bids.

The Trustee may conduct the Auction, and adopt additional rules with respect thereto, in the manner the Trustee, in consultation with the Creditors, determines in his reasonable discretion will result in the highest or otherwise best Bid for the Marina Property.

i)      **Selection of Successful Bid**.  After the conclusion of the Auction, the Trustee, in consultation with the Creditors, shall select the highest or otherwise best Qualified Bid, after taking into account such factors as the price of such bids, the form and structure of the bids and any tax considerations, and shall seek Court approval to enter into and consummate such transaction(s) (a "**Successful Bid**" and the Bidder making such Bid the "**Successful Bidder**") pursuant to the Plan.

j)      **Confirmation Hearing**.  The Court has scheduled the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") on **August 5, 2015 at 10:00 a.m. (prevailing Eastern time)**, before the Honorable Martin Glenn, U.S.B.J., United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, at which time the Court shall consider the Sale, if any, and the Plan, and confirm the results of the Auction, if any.  The Confirmation Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Confirmation Hearing.  If the Trustee receives more than one Qualified Bid, then, at the Confirmation

Hearing, the Proponents shall seek approval of the Successful Bid, and may also seek approval of the second highest or best Qualified Bid (the "**Alternate Bid**" and such Bidder, the "**Alternate Bidder**"). The Trustee will not be bound by a Successful Bid or Alternate Bid unless and until such Bid shall have been approved by the Court pursuant to an unstayed order. Following approval of the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale for any reason, then the Alternate Bid will be deemed to be the Successful Bid and the Trustee will effectuate a Sale to the Alternate Bidder without further order of the Bankruptcy Court, and the Proponents and any other person may pursue any and all remedies available under law against the Successful Bidder in connection with its failure to consummate such Sale.

k)      **Return of Good Faith Deposits**.  Good Faith Deposits of all Successful Bidders and Alternate Bidders shall be held in an interest-bearing escrow account by counsel for the Trustee and the Alternate Bids shall remain open and not returned (notwithstanding Court approval of a Sale pursuant to the terms of one or more Successful Bids), until two business days following the closing (the "**Deposit Return Date**") of the Sale to the Successful Bidder.  The Good Faith Deposits of all other Qualified Bidders will be returned within 48 hours of the Auction.  The Good Faith Deposit(s) submitted by the Successful Bidder, together with interest thereon, shall be applied against the payment of the cash portion of the purchase price upon closing of the Sale to the Successful Bidder.  In the event a Bidder fails to close through its own default, its Good Faith Deposit shall be released to the Trustee to be distributed pursuant to the Plan, first to fund the Administrative Claims Fund and thereafter as Estate 363 Proceeds.  On the Deposit Return Date, the Trustee will return the Good Faith Deposits of all other Successful Bidders and Alternative Bidders with accrued interest.

l)      **Reservation of Rights**.  Notwithstanding anything to the contrary herein, the Trustee reserves the right, in his business judgment after consultation with the Creditors, to modify the Bidding Procedures at any time, with notice to Bidders and potential Bidders, including, without limitation, to (i) to adjourn the Auction, the Confirmation Hearing or any of the dates set forth herein one or more times for any reason, (ii) increase or decrease the Minimum Overbid Increment, (iii) terminate the Bidding Procedures at any time to pursue an alternative restructuring strategy that maximizes value for the Debtors' estates, (iv) determine which Qualified Bid, if any, is the Successful Bid and the Alternate Bid, (v) reject at any time, any bid that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtors' estates and creditors, or (vi) accept as a Qualified Bidder or Qualified Bid a Bidder or Bid that does not otherwise meet the requirements set forth in the Bidding Procedures.

C.     Marketing Process.

15.     Within three (3) days after entry of the Bidding Procedures Order, the Trustee will cause the broker retained by the Trustee (the "**Broker**") to send notice of the Sale, in the form annexed hereto as Exhibit B (the "**Sale Notice**"), to all entities known to have expressed an interest in a transaction with respect to the Marina Property, and the brokers' lists of regional multi-family residential investors, regional multi-family residential developers, student housing and senior housing developers, marina investors, local/regional marina operators, and local/regional commercial brokers (the "**Sale Targets**").

16.     The Broker has also prepared an extensive offering memorandum with respect to the Marina Property (the "**Offering Memorandum**").  The Offering Memorandum will be provided to Bidders following their execution of a confidentiality agreement with, and in a form reasonably satisfactory to, Ashley River II.  The Broker, in consultation with the Trustee and Ashley River II, will also respond to requests by Bidders for additional due diligence information.

**BASIS FOR RELIEF**

A.     The Bidding Procedures Are Fair and Appropriate.

17.     The ultimate goal of an auction in a sale pursuant to section 363 of the Bankruptcy Code is to maximize the value realized by the bankruptcy estate.  *See In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate."); *see also In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997).  Bankruptcy courts have discretion and latitude in structuring a section 363 sale to accomplish this goal.  *See Edwards*, 228 B.R. at 561; *In re Wintz Co.*, 219 F.3d 807, 812 (8th Cir. 2000) (stating that in structuring the sale of

assets, bankruptcy courts "have ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets").

18.    The Proponents submit that the Bidding Procedures are fair and appropriate under the circumstances, consistent with procedures routinely approved by courts in this district and in the best interest of the Debtors' estates.  The Bidding Procedures are designed to facilitate orderly yet competitive bidding to maximize the value realized from the Sale of the Marina Property.  In particular, the Bidding Procedures contemplate an open and fair auction process with minimum barriers to entry and provide potential bidding parties with sufficient time to perform due diligence and acquire the information necessary to submit a timely and well-informed bid.  Accordingly, the Proponents submit that the Bidding Procedures Order should be entered on the terms proposed.

B.    The Form and Manner of the Marketing Should be Approved.

19.    The Proponents submit that delivery of the Sale Notice to the Sale Targets, the telephonic and other customary marketing of the Marina Property by the Broker, the availability of the Offering Memorandum, and the due diligence process constitutes appropriate marketing that is likely to achieve the highest return for the Marina Property.  Accordingly, the Proponents request that this Court approve the form and manner of the marketing of the Marina Property in connection with the Plan.

C.    The Strike Price Is Reasonable.

20.    The Strike Price was agreed to by the Proponents in order to let the market dictate the value of the Marina Property while not requiring the Creditors to agree to a sale at a price that is insufficient to (a) satisfy the undisputed debts of Ashley River II, (b) satisfy at least a material portion of the Judgment out of the amounts payable on account of the Emerald

-10-

Membership Interest and (c) potentially result in equity payable to Emerald for the benefit of its creditors other than Kriti and Ashley River II.

21.    While a sale of the Marina Property for the $18 million Strike Price would not result in the full repayment of the Judgment or a distribution to the unsecured creditors of Emerald, the Creditors agreed to set the Strike Price at that level in order to attract potential bidders who might be less inclined to participate in the bidding at a higher strike price.

22.    The Proponents submit that the Strike Price strikes a fair balance between (a) encouraging Bidders to participate in an Auction of the Marina Property and (b) not compelling the Creditors to sell the Marina Property at a value that would force them to take a loss on the Marina Property.    The Court should approve the Strike Price as a reasonable component of the Bidding and Auction Procedures.

## **NOTICE**

23.    Notice of this Motion has been given to (i) counsel to the Gayla Longman Family Irrevocable Trust u/t/d 1/2010, White & Wolnerman, PLLC, 950 Third Avenue, 11th Floor, New York, New York 10022, Attn: David Wolnerman, Esq.; (ii) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Karen Park, Esq.; (iii) Counsel for Yann Geron, as Chapter 7 Trustee of the Estate of Thelen, LLP, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue South, 18th Floor, New York, NY 10016, Attn: Sherri Lydell, Esq.; and (iv) the Office of the United States Trustee for the Southern District of New York, Attn: Michael Driscoll, Esq.    In light of the nature of the relief requested herein, the Proponents submit that no other or further notice is required.

**WHEREFORE**, the Proponents respectfully request the entry of the Bidding Procedures Order, substantially in the form attached hereto as **Exhibit A**, granting the relief

requested herein and such other and further relief as this Bankruptcy Court deems just and proper.

Dated:  June 8, 2015


**EMMET, MARVIN & MARTIN, LLP**          **GAZES LLC**


/s/ Thomas A. Pitta                              /s/ Ian J. Gazes
Thomas A. Pitta, Esq.                            Ian J. Gazes, Esq.
120 Broadway, 32nd Floor                         151 Hudson Street
New York, New York 10271                         New York, NY  10013
(212) 238-3000 (Telephone)                       (212) 765-9000 (Telephone)
(212) 238-3100 (Facsimile)                       (212) 765-9675 (Facsimile)

COUNSEL FOR KRITI RIPLEY, LLC AND          COUNSEL FOR IAN J. GAZES, AS TRUSTEE FOR
ASHLEY RIVER PROPERTIES II, LLC            EMERALD INVESTMENTS, LLC AND ASHLEY
                                           RIVER CONSULTING, LLC