Hearing Date: July 7, 2015 at 10:00am

GAZES LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000 (Phone)
(212) 765-9675 (Fax)
Ian Gazes, Esq.
*Attorneys for Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              :         Case No. 14-13407-mg
                                                    :
EMERALD INVESTMENTS, LLC                            :
                                                    :         Chapter 11
                    Debtor.                         :
-------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING THE TRUSTEE TO RETAIN
COLLIERS INTERNATIONAL CHARLESTON, LLC
<u>AS COMMERCIAL REAL ESTATE BROKER</u>**

**TO    THE HONORABLE MARTIN GLENN
       UNITED STATES BANKRUPTCY JUDGE:**

Upon the application (the "Application") of Ian J. Gazes, chapter 11 trustee (the "Trustee") of the estate of Emerald Investments, LLC (the "Debtor") for an order, substantially in the form attached hereto as Exhibit "A", authorizing and empowering the Trustee to retain Colliers International Charleston, LLC ("Colliers") as commercial real estate broker to assist in the marketing and sale of the Marina Property (defined below), the Trustee respectfully states as follows:

**I. <u>JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF</u>**

1.      This Court has jurisdiction over this matter under sections 157(a), (b)(1) of title 28 of the United States Code, 28 U.S.C. §§ 157(a), (b)(1), and 1334(b), and the Amended Stating Order of Reference of the United States District Court for the Southern District of New York.

Consideration of this Application is a core proceeding under section 157(b)(2)(A) of title 28 of the United States Code. *See* 28 U.S.C. §§ 157(b)(2)(A).

2. Venue of this case in this district is proper under section 1408 of title 28 of the United States Code. *See* 28 U.S.C. § 1408.

3. The statutory provisions governing the relief requested in this Application are sections 327(a) and (c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

### III. BACKGROUND

General Background

4. On December 15, 2014, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. On March 16, 2015, the Court entered an order directing the appointment of a chapter 11 trustee.

6. On March 17, 2015, the United States Trustee appointed the Trustee to serve as chapter 11 trustee in the case which appointment was approved by order of the Court dated March 18, 2015.

The Proposed Sale of the Marina Property

7. In 2003, the Debtor and Kriti Ripley, LLC ("Kriti") formed Ashley River Properties II, LLC ("ARP") for the purpose of owning and developing a marina and real estate in Charleston, South Carolina known as Ripley Light Yacht Club (the "Marina Property") pursuant

to the terms of that certain operating agreement entered into among the Debtor and Kriti dated December 29, 2003 (the "Operating Agreement").

8.      On June 8, 2015, the Trustee, Kriti and ARP filed their Joint Plan of Liquidation and Disclosure Statement along with their related Motion for an Order approving Marketing, Bidding and Sale Procedures in Connection with Joint Plan of Liquidation (the "Procedures Motion"). Under the Plan, the Trustee will market and solicit bids for the Marina Property for sale at auction (the "Proposed Sale").

## IV. RELIEF SOUGHT

9.      The Trustee seeks a court order, substantially in the form attached here as Exhibit "A", authorizing the Trustee to retain Colliers to assist the Trustee in marketing the Marina Property in furtherance of the Proposed Sale pursuant to sections 327(a) and (c) of the Bankruptcy Code. 11 U.S.C. §§ 327(a) and (c).

10.     Section 327(a) of the Bankruptcy Code provides that a trustee may "employ one or more ... professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014 ("An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents or other professionals pursuant to § 327 ... of the Code shall be made ... on application of the trustee..."). Section 327(c) further provides, that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c)

3

11. The Trustee believes that Colliers is qualified to act as broker to the Trustee in connection with the Proposed Sale. Colliers is a well-established firm has extensive experience in the marketing and sale of commercial real estate in Charleston metropolitan area. Moreover, as set forth below, Colliers is already familiar with the Marina Property through its pre-petition engagement by ARO.

12. To the best of the Trustee's knowledge Colliers and its employees do not hold or represent any interest adverse to the Debtor's estate and creditors. Colliers has no connection with the Debtor, its creditors or any other parties in interest or their respective attorneys in this matter except that Colliers was previously engaged by ARP to list and market the Marina Property prior to the Petition Date. The Affidavit of Peter Fennelly, a licensed commercial real estate broker and Market President of Colliers is attached hereto as Exhibit "B".

13. The Trustee believes that Colliers is a "disinterested person", within the meaning of section 101(14) of the Bankruptcy Code and that no actual conflict of interest exists by virtue of Colliers' pre-petition engagement by ARP. 11 U.S.C. §§ 101(14) and 327(c). Colliers is not a creditor of the Debtor and because Colliers is to be paid on a commission basis only, the interests of Colliers and the estate align.

14. The terms of Colliers' retention by the Trustee are governed by the Exclusive Right Contract ("ERC") between the Trustee and Colliers, a copy of which is attached hereto as Exhibit "C". Colliers will be compensated on a commission only basis equal to 4.5% of the total sale consideration realized from the Proposed Sale.[1]

15. The scope of services to be performed by Colliers are set forth in ERC and the marketing plan devised by Colliers, a copy of which is attached hereto as Exhibit "D".

---

[1] Since the parties execution of the ERC, Colliers has agreed to reduce its commission to 4.5%.

4

16. No previous application for the relief sought herein has been made to this or any other court.

17. Therefore, the Trustee respectfully submits that (i) Colliers is qualified to act as commercial real estate broker under sections 327(a) and (c) of the Bankruptcy Code, 11 U.S.C. §§ 327(a) and (c), (ii) such retention is in the best interest of the Debtor's estate, (iii) Colliers is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, 11 U.S.C. §101(14), and (iv) Colliers does not hold or represent an interest adverse to the Debtor's estate.

**WHEREFORE**, Trustee respectfully requests entry of an order of this Court authorizing the Trustee to retain the Colliers as commercial real estate broker and for such other and different relief as this Court may deem just and proper.

Dated: New York, New York
       July 2, 2015

                              GAZES LLC

                              By: /s/ Ian J. Gazes
                                  Ian J. Gazes
                              151 Hudson Street
                              New York, New York 10013
                              (212) 765-9000

                              *Attorneys for the Chapter 11 Trustee*