**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
In re:

|  | Chapter 11 |
|---|---|
| ASHLEY RIVER CONSULTING, LLC, | Case No. 14-13406 (MG) |

Debtor.
----------------------------------------------------------------X
In re:

|  | Chapter 11 |
|---|---|
| EMERALD INVESTMENTS, LLC, | Case No. 14-13407 (MG) |

Debtor.
----------------------------------------------------------------X

## ORDER APPROVING MARKETING, BIDDING AND AUCTION PROCEDURES

Upon the motion, dated June 8, 2015 [Emerald Docket No. 57] (the "**Motion**"),[1] of Ian J. Gazes (the "**Trustee**"), as chapter 11 trustee of Emerald Investments, LLC ("**Emerald**") and Ashley River Consulting, LLC ("**ARC**" and, together with Emerald, the "**Debtors**"), Kriti Ripley, LLC ("**Kriti**") and Ashley River Properties II, LLC ("**Ashley River II**" and together with Kriti, the "**Creditors**", and the Creditors together with the Trustee, the "**Proponents**"), for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the marketing, bidding and auction procedures for the Sale of the Marina Property; and upon the record of the dockets in the Chapter 11 Cases; and objections the ("**Objections**") having been filed by the Gayla Longman Family Irrevocable Trust ("**Longman**") and Schulte Roth & Zabel LLP ("**Schulte**" and, together with  Longman, the "**Objectors**"); and after oral argument by the Proponents and the Objectors at a hearing before

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

this Court on July 1, 2015; and after an evidentiary hearing held before this Court on July 7, 2015; and a Memorandum Opinion and Order Granting (I) Motion for Approval of Sale Procedures, and (II) Application to Retain Broker; and sufficient cause appearing therefor and no further notice required hereunder,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    <u>Statutory Predicates</u>.  The statutory and other legal predicates for the relief sought in the Motion are Bankruptcy Code sections 105 and 363, Bankruptcy Rule 2002, and Local Rule 2002-1.

C.    <u>Notice</u>.  As evidenced by the affidavits and/or certificates of service previously filed with the Court and for the reasons discussed at the hearing held on July 1, 2015: (1) proper, timely, adequate and sufficient notice of the Motion and this Order has been provided by the Proponents to all parties entitled to notice in accordance with Bankruptcy Code sections 102(a) and 363 and Bankruptcy Rule 2002, and (3) such notice, and the form and manner thereof, was good, sufficient and appropriate under the circumstances.

D.    <u>Opportunity to Object</u>.  A reasonable opportunity to object or be heard with respect to the Motion and this Order has been afforded to all interested persons and entities.

E.    <u>Bidding Procedures Are Reasonable and Appropriate</u>.  The Proponents have demonstrated good and sufficient reasons for the Court to approve the Motion including, without limitation, approval of the Bidding, Marketing and Auction Procedures and the form and

manner of notice of the Sale.  The Bidding Procedures, including the establishment of the

Reserve Price (each as defined below), are reasonable and appropriate and represent the best

method for maximizing the value of the Marina Property and sound business judgment of the

Trustee.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact set forth

above and conclusions of law stated herein shall constitute this Court's findings of fact and

conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding

pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to

be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any

conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed

so found.

2.    <u>Objections</u>.  All Objections and responses to the Motion or this Order that

have not been withdrawn, waived or settled as announced to the Court or by stipulation filed

with the Court or pursuant to the terms of this Order, and all reservations of rights included

therein, are hereby overruled on the merits, with prejudice.  All persons and entities given notice

of the Motion and this Order that failed to timely object thereto are deemed to consent to the

relief herein.  Notwithstanding anything in this Order to the contrary, all rights to object to

confirmation of the Plan (including approval of the Sale (if any)) or any relief sought in respect

of the Disclosure Statement are hereby reserved in their entirety.

3.    <u>Bidding Procedures Approved.</u>  The bidding procedures attached hereto as

<u>Exhibit 1</u> and incorporated herein by reference (the "**<u>Bidding Procedures</u>**") are approved and

shall govern all proceedings relating to the Auction and any bids for the Marina Property in these

cases.  To the extent any provision of the Bidding Procedures conflicts with the terms of this

Order, the Order shall govern.

4.    <u>Assets to Be Sold</u>.    The asset proposed to be sold, subject to the

satisfaction of the reserve price agreed to by the Proponents (the "**Reserve Price**"), is the Marina

Property.

5.    <u>Free of Any and All Claims and Interests</u>. The Marina Property shall be

sold free and clear of all Encumbrances and any Encumbrances shall attach to the net proceeds of

the Sale of the Marina Property.

6.    <u>Participation Requirements</u>.    Parties interested in acquiring the Marina

Property must submit, by not later than **September 23, 2015 at 4:00 p.m.** prevailing Eastern

time (the "**Bid Deadline**"), (a) an executed, binding purchase and sale agreement (a "**PSA**") for

the Marine Property, in a form acceptable to the Trustee, Kriti and Ashley River II, on an as-is,

where-is basis, not subject to contingencies for financing, corporate or shareholder approval, or

due diligence, and (b) a cash deposit of not less than 10% of the purchase price under such PSA.

7.    Qualified Bid Requirements.

a)    In order to constitute a Qualified Bid, each PSA must be in writing
in a form acceptable to the Proponents as set
forth below, and include the following: (i) confirmation that the Bidder's
offer is irrevocable until immediately following the closing of the Sale;
(ii) evidence of a binding commitment for financing, available cash,
undrawn lines of credit, or other ability to obtain the funds necessary to
consummate the proposed transaction; (iii) a commitment to consummate
the purchase of the Marina Property within not more than five (5) business
days after entry of the Order approving the Sale and confirming the Plan
(the "**Confirmation Order**") by the Bankruptcy Court, and (iv) evidence
of corporate authority to enter into such transaction (such a Bid, a
"**Qualified Bid**").  A Qualified Bid must not contain any conditions to
closing other than Bankruptcy Court approval.  Any party submitting a
Qualified Bid and deemed by the Trustee, after consultation with the
Creditors (unless the Creditors, or any of their respective affiliates, have
submitted Qualified Bids), to have the financial and operational

wherewithal to consummate the purchase of the Marina Property shall be deemed a "**Qualified Bidder**".

b)    Each bidder submitting a Qualified Bid (a "**Qualified Bidder**") shall be deemed to acknowledge and agree that it (i) is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Proponents and their respective agents and representatives, regarding the Marina Property, the Bidding Procedures or any information provided in connection therewith and (ii) consents to the jurisdiction of the Bankruptcy Court.

8.    <u>Due Diligence</u>.  The Bidding Procedures permit each Bidder (before or after becoming a Qualified Bidder) an opportunity to participate in the diligence process after executing and delivering an executed confidentiality agreement, in form reasonably acceptable to Ashley River II, which can be obtained by contacting the Proponents' Broker.  The Broker, in consultation with the Trustee, will coordinate the diligence process and provide due diligence access and information as reasonably requested by any bidder executing a confidentiality agreement.  Bidders must complete all due diligence prior to the Bid Deadline.

9.    <u>Bid Deadline</u>.  All Bids must be submitted by e-mail such that it is actually received on or before the Bid Deadline by (i) the Trustee, Ian J. Gazes, Esq., Gazes LLC, 151 Hudson Street, New York, NY  10013, ian@gazesllc.com and ddinoso@gazesllc.com; and (ii) counsel to the Creditors, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, NY 10271, Attention: Thomas A. Pitta, Esq. tpitta@emmetmarvin.com, with hard copies to follow by overnight courier.  As soon as reasonably practicable after the Bid Deadline, and in no event later than two (2) business days after the Bid Deadline, the Trustee shall forward by e-mail a summary of the material terms and conditions of all Bids received to counsel to Schulte.

10.    <u>No Auction Required</u>.  If no Qualified Bids are submitted by the Bid Deadline, the Trustee shall not conduct an Auction.  If only one Qualified Bid is submitted by

the Bid Deadline, the Trustee shall not conduct the Auction and, if the Qualified Bid exceeds the

Reserve Price, shall seek approval to enter into and consummate such transaction pursuant to the

Plan in accordance herewith.

      11.     Auction Required.

      a)     If more than one Qualified Bid is submitted by the Bid Deadline, the Trustee shall conduct an Auction **on September 28, 2015 at 10:30 a.m. (prevailing Eastern time)** at the offices of Gazes LLC, 151 Hudson Street, New York, NY 10013, in accordance with the following procedures: (i) attendance at the Auction will be limited to the Proponents, each Qualified Bidder that has timely submitted a Qualified Bid (who shall be represented at such auction by one or more individuals authorized to make bidding decisions on behalf of such Qualified Bidder), and the advisers to each of the foregoing, and only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction; (ii) by 5:00 p.m. (prevailing Eastern time) two (2) business days before the Auction, the Trustee will (a) notify each Qualified Bidder that has timely submitted a Qualified Bid that its Bid is a Qualified Bid and (b) will provide such Qualified Bidders with copies of the Qualified Bid that the Trustee believes is the highest or otherwise best offer for the Marina Property (the "**Baseline Bid**") (as it may be redacted to protect commercially sensitive information other than the name of the bidder and the proposed consideration), (iii) all Qualified Bidders that have timely submitted a Qualified Bid will be entitled to be present for all bidding at the Auction, and (iv) bidding at the Auction will begin with the Baseline Bid, continue in minimum increments of at least $100,000 (the "**Minimum Overbid Increment**"), and conclude after each participating Bidder has had the opportunity to submit one or more additional Bids.

      b)     The Trustee may conduct the Auction, and adopt additional rules with respect thereto, in the manner the Trustee, in consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), determines will result in the highest or otherwise best Bid for the Marina Property, provided however that the Trustee may not change the Reserve Price without the written consent of the Creditors, such consent to be granted in their sole discretion.

      12.     <u>Selection of Successful Bid</u>.  After the conclusion of the Auction (if any),

the Trustee, in consultation with the Creditors (unless the Creditors, or any of their respective

affiliates, have submitted Qualified Bids), shall select the highest or otherwise best Qualified

Bid, after taking into account such factors as the price of such bids, the form and structure of the

bids and any tax considerations (a "**Successful Bid**" and the Bidder making such Bid the "**Successful Bidder**") and, if any Qualified Bid exceeds the Reserve Price, shall seek Court approval to enter into and consummate such transaction(s) pursuant to the Plan.

13.     At the conclusion of the Auction (if any), or in the event no Auction is held, and in no event later than **September 29, 2015 at 4:00 p.m. (prevailing Eastern time)**, the Trustee will file with the Bankruptcy Court a report of the sale process (the "**Notice of Results of Bidding Procedures**") setting forth (a) in the event an Auction is held and the Trustee, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), selects a Successful Bidder and Successful Bid, (i) the identity of the Successful Bidder (if any) and a summary of the material terms and conditions of the Successful Bid, and (ii) if applicable, the identity of the Alternate Bidder (and, if affiliated with the Creditors, the nature of such affiliation) and a summary of the material terms and conditions of the Alternate Bid, and (b) in the event no Auction is held or the Trustee, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), elects at the conclusion of the Auction not to select a Successful Bidder, then the Notice of Results of Bidding Procedures shall state such election and provide a summary of the material terms of the highest Bid submitted.

14.     Confirmation Hearing.  The Court has scheduled the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") on **October 14, 2015 at 10:00 a.m. (prevailing Eastern time)**, before the Honorable Martin Glenn, U.S.B.J., United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, at which time the Court shall consider the Sale, if any, and the Disclosure Statement and Plan, and confirm the results of the Auction, if any.  The deadline for parties to file objections to

confirmation of the Plan and to vote with respect to the Plan shall be **October 7, 2015 at 4:00 p.m.** The Confirmation Hearing may be adjourned or rescheduled to a later date without notice other than by an announcement of the adjourned date at the Confirmation Hearing or by the filing of a notice on the legal docket.  If the Trustee receives more than one Qualified Bid in excess of the Reserve Price, the Trustee shall seek approval at the Confirmation Hearing of the Successful Bid, and may also, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), seek approval of the second highest or otherwise best Qualified Bid in excess of the Reserve Price (the "**Alternate Bid**" and such Bidder, the "**Alternate Bidder**"), which Alternate Bid shall be irrevocable until ten (10) days following the closing of the Sale to the Successful Bidder.  The Trustee will not be bound by a Successful Bid or Alternate Bid unless and until such Bid shall have been approved by the Bankruptcy Court pursuant to an unstayed order.  Following the entry of an order approving the Sale to the Successful Bidder or, if applicable, to the Alternate Bidder, if the Successful Bidder fails to consummate the Sale, then (a) the Alternate Bid will be deemed to be the Successful Bid, (b) the Trustee will effectuate a Sale to the Alternate Bidder without further order of the Bankruptcy Court (but subject to the terms and conditions of the order approving such Sale), (c) if the failure of the Successful Bidder to consummate the sale results from any reason other than a material breach by the Proponents, the Trustee shall retain the deposit of the Successful Bidder as liquidated damages, and (d) the Proponents and any other person may pursue any and all remedies available under law against the Successful Bidder in connection with its failure to consummate such Sale.

15.    <u>Return of Good Faith Deposits</u>.  Good Faith Deposits of all Successful Bidders and Alternate Bidders shall be held in an non-interest bearing account by the Trustee and

the Alternate Bids shall remain open and not returned (notwithstanding Court approval of a Sale pursuant to the terms of one or more Successful Bids), until two (2) business days following the closing (the "**Deposit Return Date**") of the Sale to the Successful Bidder.  The Good Faith Deposits of all other Qualified Bidders will be returned within 48 hours of the Auction.  The Good Faith Deposit(s) submitted by the Successful Bidder shall be applied against the payment of the cash portion of the purchase price upon closing of the Sale to the Successful Bidder.  In the event a Bidder fails to close through its own default, its Good Faith Deposit shall be released to the Trustee to be distributed pending further order of the Court.  On the Deposit Return Date, the Trustee will return the Good Faith Deposits of all other Successful Bidders and Alternative Bidders.

16.    <u>Reservations of Rights</u>.  Notwithstanding anything to the contrary herein, the Trustee reserves the right, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), to among other things modify the Bidding Procedures at any time, with notice to Bidders and potential Bidders, including, without limitation, to (i) to adjourn the Auction, the Confirmation Hearing or any of the dates set forth herein one or more times for any reason, (ii) increase or decrease the Minimum Overbid Increment, (iii) terminate the Bidding Procedures at any time to pursue an alternative restructuring strategy that maximizes value for the Debtors' estates subject to Bankruptcy Court approval of such alternative restructuring strategy, (iv) determine which Qualified Bid, if any, is the Successful Bid and the Alternate Bid, (v) reject at any time, any bid that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtors' estates and creditors, or (vi) accept as a Qualified Bidder or Qualified Bid a Bidder or

Bid that does not otherwise meet the requirements set forth in the Bidding Procedures, provided however that the Trustee shall not be entitled to modify the Reserve Price without the written consent of the Creditors, such consent to be granted in their sole discretion.

17.     Notice and marketing of the Sale shall be good and sufficient, and no other or further notice or marketing shall be required, if given as follows:

a)      Not more than three (3) business days after the later of (a) entry of the Bidding Procedures Order and (b) entry of the order approving the retention of the Broker, the Trustee will instruct the broker retained by the Trustee (the "**Broker**") to send notice of the Sale, in the form annexed hereto as Exhibit 2 (the "**Sale Notice**"), to all entities known to have expressed an interest in a transaction with respect to the Marina Property, and the Brokers' lists of regional multi-family residential investors, regional multi-family residential developers, student housing and senior housing developers, marina investors, local/regional marina operators, and local/regional commercial brokers.

b)      The Broker shall also cause advertisements concerning the Marina Property to be placed in the Charleston Post & Courier and digitally through Dispop in accordance with the marketing plan agreed to between the Trustee and the Broker.

c)      The Offering Memorandum shall be provided to Bidders following their execution of a confidentiality agreement with, and in a form reasonably satisfactory to, Ashley River II.  The Broker, in consultation with the Trustee and Ashley River II, shall also respond to requests by Bidders for additional due diligence information.

18.     The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court at the Confirmation Hearing or on the Court's calendar on the date scheduled for the Confirmation Hearing or any adjourned date or by the filing of the Notice on the legal docket.

19.     Retention of Jurisdiction.  This Court shall retain jurisdiction to hear and determine all matters arising under or related to this Order.  If there is any discrepancy between the Motion, the Bidding Procedures, and/or this Order, this Order shall control.

Dated: July 14, 2015
        New York, New York

                                    _____**/s/Martin Glenn**_____
                                        MARTIN GLENN
                                United States Bankruptcy Judge

**<u>Exhibit 1</u>**
**Bidding Procedures**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Emerald Investments, LLC | Case No. 14-13407 (MG) |
| Debtor. | |
| In re: | Chapter 11 |
| Ashley River Consulting, LLC | Case No. 14-13406 (MG) |
| Debtor. | |

## BIDDING PROCEDURES

The bidding procedures (the "**Bidding Procedures**") set forth below shall be employed with respect to the proposed sale (the "**Sale**") of marina and condominiums (the "**Marina Property**") on a parcel of property in Charleston, South Carolina by Ian J. Gazes (the "**Trustee**"), as chapter 11 trustee of Emerald Investments, LLC ("**Emerald**") and Ashley River Consulting, LLC ("**ARC**" and, together with Emerald, the "**Debtors**"), subject to competitive bidding as set forth herein and approval of the Sale, in connection with the Joint Plan of Liquidation (the "**Plan**") filed by the Trustee and Kriti Ripley, LLC ("**Kriti**") and Ashley River Properties II, LLC ("**Ashley River II**" and together with Kriti, the "**Creditors**", and the Creditors together with the Trustee, the "**Proponents**"), by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**")  pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

On June 8, 2015, the Proponents filed with the Bankruptcy Court their motion (the "**Motion**") for entry of an order pursuant to sections 105(a) and 363 of the Bankruptcy Code

and Rule 2002 of the Bankruptcy Rules approving the marketing, bidding and auction procedures for the Sale of the Marina Property.

On July __, 2015, the Bankruptcy Court entered the *Order Approving Marketing, Bidding and Auction Procedures* (the "**Bidding Procedures Order**").[1]  The Bankruptcy Court has scheduled the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") on **October 1, 2015 at 10:00 a.m. (prevailing Eastern time)** , subject to adjournment as set forth below and in the Bidding Procedures Order, before the Honorable Martin Glenn, U.S.B.J., United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, at which time the Bankruptcy Court shall consider the Sale, if any, and the Plan, and confirm the results of the Auction, if any.

The Bidding Procedures set forth herein describe, among other things, the asset available for sale, the manner in which Bidders and Bids become Qualified Bidders and Qualified Bids, respectively, the receipt and negotiation of bids received, the conduct of any subsequent auction (the "**Auction**"), the ultimate selection of the Successful Bidder(s) (as defined herein) and the Bankruptcy Court's approval thereof.

The proposed Bidding Procedures provide for the solicitation by the Proponents of proposals or offers (each, a "**Bid**") by any potential bidder (each, a "**Bidder**"), pursuant to the following terms and conditions:

**Asset To Be Sold**

The asset proposed to be sold, subject to the satisfaction of the reserve price agreed to by the Proponents (the "**Reserve Price**"), is the Marina Property.

**Free of Any and All Claims and Interests**

The Marina Property shall be sold free and clear of all Encumbrances and any Encumbrances shall attach to the net proceeds of the Sale of the Marina Property.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures Order.

**Participation Requirements**

Parties interested in acquiring the Marina Property must submit, by not later than **September 23, 2015 at 4:00 p.m.** prevailing Eastern time (the "**Bid Deadline**"), (a) an executed, binding purchase and sale agreement (a "**PSA**") for the Marina Property, in a form acceptable to the Trustee, Kriti and Ashley River II, on an as-is, where-is basis, not subject to contingencies for financing, corporate or shareholder approval, or due diligence, and (b) a cash deposit of not less than 10% of the purchase price under such PSA.

**Qualified Bid Requirements**

In order to constitute a Qualified Bid, each PSA must be in writing  in a form acceptable to the Proponents, received by the Bid Deadline as set forth below, and include the following: (i) confirmation that the Bidder's offer is irrevocable until immediately following the closing of the Sale; (ii) evidence of a binding commitment for financing, available cash, undrawn lines of credit, or other ability to obtain the funds necessary to consummate the proposed transaction; (iii) a commitment to consummate the purchase of the Marina Property within not more than five (5) business days after entry of the Order approving the Sale and confirming the Plan (the "**Confirmation Order**") by the Bankruptcy Court, and (iv) evidence of corporate authority to enter into such transaction (such a Bid, a "**Qualified Bid**").  A Qualified Bid must not contain any conditions to closing other than Bankruptcy Court approval.   Any party submitting a Qualified Bid and deemed by the Trustee, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), to have the financial and operational wherewithal to consummate the purchase of the Marina Property shall be deemed a "**Qualified Bidder**".

Each bidder submitting a Qualified Bid (a "**Qualified Bidder**") shall be deemed to acknowledge and agree that it (i) is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Proponents and their respective agents and representatives, regarding the Marina Property, the Bidding Procedures or

-3-

any information provided in connection therewith and (ii) consents to the jurisdiction of the Bankruptcy Court.

### Due Diligence

The Bidding Procedures permit each Bidder (before or after becoming a Qualified Bidder) an opportunity to participate in the diligence process after executing and delivering an executed confidentiality agreement, in form reasonably acceptable to Ashley River II, which can be obtained by contacting the Proponents Broker. The Broker, in consultation with the Trustee, will coordinate the diligence process and provide due diligence access and information as reasonably requested by any bidder executing a confidentiality agreement. Bidders must complete all due diligence prior to the Bid Deadline.

### Bid Deadline

All Bids must be submitted by e-mail such that it is actually received on or before the Bid Deadline by (i) the Trustee, Ian J. Gazes, Esq., Gazes LLC, 151 Hudson Street, New York, NY 10013, ian@gazesllc.com and ddinoso@gazesllc.com; and (ii) counsel to the Creditors, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, NY 10271, Attention: Thomas A. Pitta, Esq. tpitta@emmetmarvin.com, with hard copies to follow by overnight courier.

### No Auction Required

If no Qualified Bids are submitted by the Bid Deadline, the Trustee shall not conduct an Auction. If only one Qualified Bid is submitted by the Bid Deadline, the Trustee shall not conduct the Auction and, if the Qualified Bid exceeds the Reserve Price, shall seek approval to enter into and consummate such transaction pursuant to the Plan in accordance herewith.

### Auction Required

If more than one Qualified Bid is submitted by the Bid Deadline, the Trustee shall conduct an Auction **on September 28, 2015 at 10:30 a.m. (prevailing Eastern time)** at the offices of Gazes LLC, 151 Hudson Street, New York, NY 10013, in accordance with the

following procedures: (i) attendance at the Auction will be limited to the Proponents, each Qualified Bidder that has timely submitted a Qualified Bid (who shall be represented at such auction by one or more individuals authorized to make bidding decisions on behalf of such Qualified Bidder), and the advisers to each of the foregoing, and only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction; (ii) by 5:00 p.m. (prevailing Eastern time) two (2) business days before the Auction, the Trustee will (a) notify each Qualified Bidder that has timely submitted a Qualified Bid that its Bid is a Qualified Bid and (b) will provide such Qualified Bidders with copies of the Qualified Bid that the Trustee believes is the highest or otherwise best offer for the Marina Property (the "**Baseline Bid**") (as it may be redacted to protect commercially sensitive information other than the name of the bidder and the proposed consideration), (iii) all Qualified Bidders that have timely submitted a Qualified Bid will be entitled to be present for all bidding at the Auction, and (iv) bidding at the Auction will begin with the Baseline Bid, continue in minimum increments of at least $100,000 (the "**Minimum Overbid Increment**"), and conclude after each participating Bidder has had the opportunity to submit one or more additional Bids.

The Trustee may conduct the Auction, and adopt additional rules with respect thereto, in the manner the Trustee, in consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), determines will result in the highest or otherwise best Bid for the Marina Property, provided however that the Trustee may not change the Reserve Price without the written consent of the Creditors, such consent to be granted in their sole discretion.

### Selection of Successful Bid

After the conclusion of the Auction (if any), the Trustee, in consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), shall select the highest or otherwise best Qualified Bid, after taking into account such factors as the price of such bids, the form and structure of the bids and any tax considerations (a "**Successful Bid**" and the Bidder making such Bid the "**Successful Bidder**") and, if any

Qualified Bid exceeds the Reserve Price, shall seek Court approval to enter into and consummate such transaction(s) pursuant to the Plan.

At the conclusion of the Auction (if any), or in the event no Auction is held, and in no event later than **September 29, 2015 at 4:00 p.m. (prevailing Eastern time)**, the Trustee will file with the Bankruptcy Court a report of the sale process (the "**Notice of Results of Bidding Procedures**") setting forth (a) in the event an Auction is held and the Trustee, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), selects a Successful Bidder and Successful Bid, (i) the identity of the Successful Bidder (if any) and a summary of the material terms and conditions of the Successful Bid, and (ii) if applicable, the identity of the Alternate Bidder (and, if affiliated with the Creditors, the nature of such affiliation) and a summary of the material terms and conditions of the Alternate Bid, and (b) in the event no Auction is held or the Trustee, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), elects at the conclusion of the Auction not to select a Successful Bidder, then the Notice of Results of Bidding Procedures shall state such election and provide a summary of the material terms of the highest Bid submitted.

## Confirmation Hearing

The Court has scheduled the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") on **October 14, 2015 at 10:00 a.m. (prevailing Eastern time)**, before the Honorable Martin Glenn, U.S.B.J., United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, at which time the Court shall consider the Sale, if any, and the Disclosure Statement and Plan, and confirm the results of the Auction, if any.  The deadline for parties to file objections to confirmation of the Plan and to vote with respect to the Plan shall be **October 7, 2015 at 4:00 p.m.**  The Confirmation Hearing may be adjourned or rescheduled to a later date without notice other than by an announcement of the adjourned date at the Confirmation Hearing or by the filing of a notice on the legal docket.  If the Trustee receives more than one Qualified Bid in excess of the Reserve Price, the Trustee shall

seek approval at the Confirmation Hearing of the Successful Bid, and may also, after consultation with the Creditors (unless the Creditors, or any of their respective affiliates, have submitted Qualified Bids), seek approval of the second highest or otherwise best Qualified Bid in excess of the Reserve Price (the "**Alternate Bid**" and such Bidder, the "**Alternate Bidder**"), which Alternate Bid shall be irrevocable until ten (10) days following the closing of the Sale to the Successful Bidder.  The Trustee will not be bound by a Successful Bid or Alternate Bid unless and until such Bid shall have been approved by the Bankruptcy Court pursuant to an unstayed order.  Following the entry of an order approving the Sale to the Successful Bidder or, if applicable, to the Alternate Bidder, if the Successful Bidder fails to consummate the Sale, then (a) the Alternate Bid will be deemed to be the Successful Bid, (b) the Trustee will effectuate a Sale to the Alternate Bidder without further order of the Bankruptcy Court (but subject to the terms and conditions of the order approving such Sale), (c) if the failure of the Successful Bidder to consummate the sale results from any reason other than a material breach by the Proponents, the Trustee shall retain the deposit of the Successful Bidder as liquidated damages, and (d) the Proponents and any other person may pursue any and all remedies available under law against the Successful Bidder in connection with its failure to consummate such Sale.

### Return of Good Faith Deposits

Good Faith Deposits of all Successful Bidders and Alternate Bidders shall be held in an non-interest bearing account by the Trustee and the Alternate Bids shall remain open and not returned (notwithstanding Court approval of a Sale pursuant to the terms of one or more Successful Bids), until two (2) business days following the closing (the "**Deposit Return Date**") of the Sale to the Successful Bidder.  The Good Faith Deposits of all other Qualified Bidders will be returned within 48 hours of the Auction.  The Good Faith Deposit(s) submitted by the Successful Bidder shall be applied against the payment of the cash portion of the purchase price upon closing of the Sale to the Successful Bidder.  In the event a Bidder fails to close through its own default, its Good Faith Deposit shall be released to the Trustee to be distributed pursuant to the Plan, first to fund the Administrative Claims Fund and thereafter as Estate 363 Proceeds.  On

the Deposit Return Date, the Trustee will return the Good Faith Deposits of all other Successful

Bidders and Alternative Bidders.

### **Reservation of Rights**

Notwithstanding anything to the contrary herein, the Trustee reserves the right,

after consultation with the Creditors (unless the Creditors, or any of their respective affiliates,

have submitted Qualified Bids), to among other things modify the Bidding Procedures at any

time, with notice to Bidders and potential Bidders, including, without limitation, to (i) to adjourn

the Auction, the Confirmation Hearing or any of the dates set forth herein one or more times for

any reason, (ii) increase or decrease the Minimum Overbid Increment, (iii) terminate the Bidding

Procedures at any time to pursue an alternative restructuring strategy that maximizes value for

the Debtors' estates subject to Bankruptcy Court approval of such alternative restructuring

strategy, (iv) determine which Qualified Bid, if any, is the Successful Bid and the Alternate Bid,

(v) reject at any time, any bid that is: (a) inadequate or insufficient, (b) not in conformity with the

requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the

Sale, or (c) contrary to the best interests of the Debtors' estates and creditors, or (vi) accept as a

Qualified Bidder or Qualified Bid a Bidder or Bid that does not otherwise meet the requirements

set forth in the Bidding Procedures, provided however that the Trustee shall not be entitled to

modify the Reserve Price without the written consent of the Creditors, such consent to be granted

in their sole discretion.

**<u>Exhibit 2</u>**
**Sale Notice**

14-43490-rnc Doc 757-1 Filed 07/06/15 Entered 07/06/15 15:50:14 Main Document Pg 19 of 22

14-43490-smb Doc 757 Filed 07/06/15 Entered 07/06/15 16:11:30 Exhibit Order Approving Marketing / Bidding Auction Procedures Pg 19 of 22

**FOR SALE**



# Infill Development Opportunity
## By Order of the U.S. Bankruptcy Court of New York



# Ripley Light Yacht Club & Land
**RIPLEY POINT DRIVE, CHARLESTON, SC 29407**
## Charleston's Most Compelling Infill Development Opportunity

The 5.74-acre property is fully entitled for multifamily (condominiums or rentals) with potential for retail, office, hotel, and restaurant uses. The offering includes an 86-slip marina, Ripley Light Yacht Club, that is also permitted/approved for an additional 200 slips.

- Waterfront Location
- Surrounded by Amenities
- Views of Charleston's Skyline
- Minutes from Thousands of Jobs

| | |
|---|---|
| **Acres:** | Total: 5.74<br>High: 5.12 |
| **Zoning:** | General Business |
| **Entitlements:** | Multifamily |
| **Minimum Bid:** | $18,000,000 |

**Bids Due June __, 2015**

> **Download Flyer**

> **Confidentiality Agreement**

> **Location Map**



*View of Charleston's Skyline*



*Aerial View*

---

**Scott Rogers, SIOR, CCIM**
Dir: +1 843 720 7502

**Seth Clark**
Dir: +1 843 720 7501