USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2015

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE GAYLA LONGMAN FAMILY IRREVOCABLE TRUST<br><br>v.<br><br>IAN GAZES, AS CHAPTER 11 TRUSTEE FOR EMERALD INVESTMENTS, LLC AND ASHLEY RIVER CONSULTING, LLC, *et al.* | Civil Case No. 1:15-cv-06083-GHW<br><br>**MEMORANDUM ENDORSED** |

## STIPULATION AND ORDER DISMISSING APPEAL WITHOUT PREJUDICE

This Stipulation and Order (this "**Stipulation**" or this "**Order**") dismissing the above-captioned appeal (the "**Appeal**") is entered into by and among: (a) The Gayla Longman Family Irrevocable Trust ("**Appellant**"), by and through its counsel, White & Wolnerman, PLLC; and (b) Ian Gazes, as chapter 11 trustee for Emerald Investments, LLC and Ashley River Consulting, LLC (the "**Trustee**"), Kriti Ripley, LLC and Ashley River Properties II, LLC (collectively, the "**Appellees**"; and the Appellees together with the Longman, the "**Parties**"), by and through their counsel, Emmet, Marvin & Martin, LLP.

### RECITALS

**WHEREAS**, on December 15, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and

**WHEREAS**, the Debtor's bankruptcy cases are being administered under Case Nos. 14-13406 (MG) and 14-13407 (MG) (the "**Bankruptcy Cases**"); and

**WHEREAS**, March 16, 2015, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 45][1] and on March 18, 2015, the Court entered the *Order Approving the Appointment of the Chapter 11 Trustee* [Docket No. 48] approving the appointment of Ian Gazes as the Trustee; and

**WHEREAS**, on June 8, 2015 the Appellees filed (a) the *Joint Plan of Liquidation Filed by the Trustee, Kriti Ripley, LLC and Ashley River Properties II, LLC* [Docket No. 58] (the "**Plan**") and (b) the *Motion Of Kriti Ripley, LLC, Ashley River Properties II, LLC, and Ian J. Gazes, as Trustee for Emerald Investments, LLC and Ashley River Consulting, LLC, for Order Approving Marketing, Bidding and Sale Procedures in Connection with Joint Plan of Liquidation* [Docket No. 57] (the "**Bid Procedures Motion**"); and

**WHEREAS**, following hearings on July 1, 2015 and July 7, 2015 the Bankruptcy Court entered (a) the *Memorandum Opinion and Order Granting (I) Motion for Approval of Sale Procedures, and (II) Application to Retain Broker* [Docket No. 77] (the "**Opinion**") on July 10, 2015 and (b) the *Order Approving Marketing, Bidding and Auction Procedures* [Docket No. 79] (the "**Bidding Procedures Order**"), pursuant to which the Bankruptcy Court granted the Bid Procedures Motion as provided therein; and

**WHEREAS**, on July 27, 2015, Appellant filed a *Notice of Appeal* [Docket No. 83] with respect to the Bidding Procedures Order (the "**Notice of Appeal**"); and

**WHEREAS**, in a letter to this Court dated August 17, 2015, the Appellees argued that this Court lacked jurisdiction over this Appeal because the Bidding Procedures Order is interlocutory; and

---

[1] The Bankruptcy Cases have not been jointly administered and nearly all pleadings have been filed in both Bankruptcy Case. All docket references in this letter shall refer to the docket in Emerald's Bankruptcy Case (14-13407).

-2-

**WHEREAS**, in a letter to this Court dated August 18, 2015 Appellant argued that the Bidding Procedures Order was final and appealable; and

**WHEREAS**, on August 19, 2015, this Court held a telephonic conference with the Parties and established a briefing schedule for a potential motion to dismiss the appeal, but encouraged the Parties to discuss whether the Appeal could be voluntarily dismissed subject to a reservation of rights to raise issues concerning the Bidding Procedures Order in connection with any subsequent appeal of an order approving the sale of the property that is the subject of the Bidding Procedures Order and/or confirming the Plan, or any amended version thereof (a "**Subsequent Appeal**"); and

**WHEREAS**, the Parties have engaged in discussions concerning the Appeal and agreed to the dismissal of the Appeal upon the terms described below.

NOW, THEREFORE, IT IS HEREBY STIPULATED, HELD AND AGREED, AS FOLLOWS:

## AGREEMENT

1. The foregoing Recitals are incorporated herein as if set forth separately below.

2. The Bidding Procedures Order is hereby deemed to be an interlocutory order. Upon the entry of this Order by the District Court, the Appeal shall be deemed dismissed as an appeal from an interlocutory order, without prejudice to the Appellant's right to renew the Appeal in connection with a Subsequent Appeal.

3. Appellant shall be entitled to raise any issues concerning the legality or propriety of the Bidding Procedures Order that could have been raised in this Appeal in any Subsequent Appeal. The Appellees shall not be entitled to argue in connection with such Subsequent Appeal that Appellant has waived its appeal rights with respect to the Bidding

Procedures Order as a result of the dismissal of this Appeal or the passage of time from the entry of the Bidding Procedures Order.

4. Each signatory hereto represents that he or she has the authority to execute this Stipulation on behalf of the party for whom it is executed and to bind that party to all terms set forth herein.

5. This Stipulation may be executed simultaneously or in one or more counterparts, each of which will be an original, but all of which together will constitute one and the same instrument. A facsimile or email copy of a signature page is the equivalent of an original signature page.

6. This Stipulation was prepared jointly by the Parties. No provision of this Stipulation will be interpreted against any of the Parties as the draftsman.

7. All applicable stays of this Order are waived and this Order will be final and effective immediately upon its entry.

8. This Stipulation will be governed by the laws of the State of New York (except for its principles of conflicts of law).

IN WITNESS WHEREOF, THE UNDERSIGNED HAVE CAUSED THIS STIPULATION TO BE EXECUTED AS OF THE DATES SET FORTH BELOW.

| **EMMET, MARVIN & MARTIN, LLP** | **WHITE & WOLNERMAN PLLC** |
|---|---|
| *Counsel for Kriti Ripley, LLC and Ashley River Properties II, LLC and Proposed Appellate Counsel for Ian Gazes, as Chapter 11 Trustee of Emerald Investments, LLC and Ashley River Consulting, LLC* | *Counsel for The Gayla Longman Family Irrevocable Trust* |
| By: _____ | By: _____ |
| Thomas A. Pitta, Esq. | David Y. Wolnerman, Esq. |
| 120 Broadway | Randolph E. White, Esq. |
| 32nd Floor | 950 Third Avenue, 11th Floor |
| New York, New York 10271 | New York, New York 10022 |
| (212) 238-3000 (Telephone) | (212) 308-0603 |
| tpitta@emmetmarvin.com | dwolnerman@wwlawgroup.com |
| DATED: September 16, 2015 | DATED: September 16, 2015 |

The parties have agreed to the dismissal of this action.
The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: 9/16/2015
New York, New York

_____
GREGORY H. WOODS
United States District Judge